PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAKWAN LASH                     )
(#A683640),                    )        CASE NO.  1:19CV1616
                             )
         Petitioner,      )
                             )        JUDGE BENITA Y. PEARSON
        v.                )
                             )
NEIL TURNER,[1] Warden,    )
                             )        **MEMORANDUM OF OPINION**
         Respondent.    )        **AND ORDER**

Petitioner Jakwan Lash filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) alleging four (4) grounds for relief which challenge the constitutional sufficiency of his conviction and sentence in Cuyahoga County, Ohio Court of Common Pleas Case No. CR-15-598485-C.  Petitioner was sentenced to a total aggregate sentence of 14 years for aggravated robbery, robbery, two counts of kidnapping, and tampering with evidence.  The aggravated robbery, robbery, and kidnapping counts contained one- and three-year firearm specifications and forfeiture specifications.  The case was referred to Magistrate Judge James R. Knepp II for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2).  On October 20, 2020, the magistrate judge issued a Report and

---

[1] According to Petitioner (ECF No.9) and the Ohio Department of Rehabilitation & Correction website (https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A683640 (last visited November 13, 2020)), Petitioner is now confined at the North Central Correctional Complex.  The Warden of that institution, Neil Turner, has been substituted for Edward Sheldon, Warden.

(1:19CV1616)

Recommendation (ECF No. 12).  In his Report, the magistrate judge recommends that the Court

deny the habeas petition because Ground One is in part procedurally defaulted, and all claims

asserted in this ground fail on the merits (ECF No. 12 at PageID #: 2103); Petitioner has not

shown in Ground Two the state court decision to be contrary to, or an unreasonable

application of federal double jeopardy law, or an unreasonable determination of the facts in light

of the evidence presented (ECF No. 12 at PageID #: 2119); Ground Three is procedurally

defaulted (ECF No. 12 at PageID #: 2123); and, Ground Four fails on the merits (ECF No. 12 at

PageID #: 2124).

Fed. R. Civ. P. 72(b)(2) provides that objections to a report and recommendation must be

filed within 14 days after service.  Objections to the Report were, therefore, due on November 6,

2020.[2]  Neither party has timely filed objections.  Therefore, the Court must assume that the

parties are satisfied with the magistrate judge's recommendations.  Any further review by this

Court would be a duplicative and inefficient use of the Court's limited resources.  *Thomas v. Arn*,

728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and*

*Human Services*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50

(6th Cir. 1981).

Accordingly, the Report and Recommendation of the magistrate judge is hereby adopted.

Jakwan Lash's Petition for a Writ of Habeas Corpus will be dismissed.

---

[2]  Under Fed. R. Civ. P. 6(d), three (3) days must be added to the 14-day time
period because Petitioner was served a copy of the Report by mail.  *See Thompson v.*
*Chandler*, 36 Fed.Appx. 783, 784 (6th Cir. 2002).

(1:19CV1616)

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).


IT IS SO ORDERED.


 November 13, 2020                     /s/ Benita Y. Pearson
Date                                  Benita Y. Pearson
                                      United States District Judge

3